[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
January 4, 2007
THOMAS K. KAHN
CLERK

No. 06-12273
Non-Argument Calendar

_____

D. C. Docket No. 01-07865-CV-JAL

RUSSEL MUSNICK,

Plaintiff-Appellee,

versus

KING MOTOR COMPANY OF
FORT LAUDERDALE,
d.b.a. King Auto Mall,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(January 4, 2007)**

Before ANDERSON, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

King Motor Company appeals the district court's denial of its Motion to Confirm Arbitrator's Award as moot. King Motors filed its motion along with its opposition to plaintiff Russel Musnick's motion challenging the arbitrator's award of attorneys' fees and costs.

Musnick brought suit against King Motors, alleging discrimination and retaliation based on religion under the Civil Rights Act of 1964 ("Title VII") and the Florida Civil Rights Act of 1992. King Motors filed a motion seeking to compel arbitration that was denied by the district court. However, this court reversed the district court and upon remand, the district court stayed the proceedings to allow for the arbitration. After a hearing, the arbitrator issued Final Judgment on June 22, 2004, in favor of King Motors. King Motors then sought attorneys' fees under Title VII, which the arbitrator granted by order dated April 13, 2005. Musnick then appealed the arbitrator's decision to the district court. King Motors filed a reply, dated May 18, 2005, opposing Musnick's arguments and seeking confirmation of the award. The district court rejected Musnick's arguments to reopen the case and then denied King Motor's motion to confirm as moot. King Motors appeals.

Under the Arbitration Act, a party has a year from the date of the final judgment of the arbitrator to apply for confirmation. 9 U.S.C. § 9. To be eligible

for confirmation, the award must not have been vacated, modified or corrected. Additionally, the arbitration agreement does not need to specify that it will be confirmed by a federal court. Ruby-Collins, Inc. v. City of Huntsville, Ala., 748 F.2d 573, 576 (11th Cir. 1984). Therefore, it appears that this arbitration award is ripe for confirmation. We vacate the district court's order denying King's motion to confirm as moot and remand for a decision consistent with this opinion.

VACATED and REMANDED.